# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>TYSON JAMES,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08CR247DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant Tyson James's Motion for Early Termination of Supervised Release. On May 13, 2010, this court sentenced Defendant to 84 months incarceration and 36 months of supervised release to begin at the conclusion of his imprisonment. Defendant was released from federal custody and began his term of supervised release on July 10, 2014. Therefore, his supervised release is currently set to terminate on July 10, 2017.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and

the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

Defendant's motion was docketed on July 10, 2015.  The United States has not responded to the motion even though the time for doing so has passed.  The court, therefore, considers the motion unopposed.

The court has contacted Defendant's United States Probation Officer and he fully supports Defendant's motion for early termination of supervised release.  Defendant has maintained employment, been promoted, paid all of his fines, and has excellent family support.  Defendant also attends counseling once a week.  Defendant has been consistently moving in the right direction and is consistently making the right decisions.  The court agrees with Defendant's Probation Officer that Defendant is no longer in need of supervision.  Accordingly, the court grants Defendant's motion for early termination of supervised release.

DATED this 28th day of July, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge